**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 12, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BARRY LEONARD KEITH,

      Defendant-Appellant.

No. 16-6374
(D.C. No. 5:16-CR-00062-D-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MORITZ**, Circuit Judges.

Defendant Barry Keith appeals the sentence imposed in this bank robbery case. Reviewing the district court's sentencing decision under a deferential abuse-of-discretion standard, we affirm the ruling.

Defendant, allegedly driven to desperation by his poor health, inability to work, and upcoming heart surgery, robbed a bank in Oklahoma City, Oklahoma on March 5, 2016. According to Defendant, he approached a teller and demanded all the cash in the drawer. After the teller gave Defendant over $1,600, he left the bank. No weapons were

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of this case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

used in the robbery. Defendant was identified through surveillance footage and arrested a short time later. At the time of the robbery, Defendant was under supervised release for a 2012 bank robbery.

Defendant pled guilty to the 2016 bank robbery without a plea agreement. In September 2016, the district court in Defendant's 2012 bank robbery case revoked Defendant's supervised release and sentenced him to six months in prison. The Presentence Investigation Report (PSR) for the 2016 robbery calculated an advisory sentencing range of 70-87 months, based on a total offense level of 20 and a criminal history category of V. After considering Defendant's objection to the PSR's two-level sentence enhancement based on unsubstantiated hearsay statements that Defendant had a gun hidden on his person, the district court determined that the "two-level enhancement . . . has not been sustained by a preponderance of the evidence" and revised the total offense level to 19, with a corresponding sentencing range of 57-71 months. (Appellant's App. Vol. III at 46.) The district court then sentenced Defendant to sixty months for the 2016 bank robbery, to run concurrently with the six-month revocation sentence. Defendant appealed the substantive reasonableness of this sentence.

We review district court sentencing decisions for abuse of discretion. *See, e.g.*, *United States v. Lopez-Macias*, 661 F.3d 485, 488-89 (10th Cir. 2011). A sentencing decision is only considered substantively unreasonable where it "exceed[s] the bounds of permissible choice, given the facts and the applicable law in the case[.]" *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2010) (internal quotation marks omitted).

2

Stated differently, a sentence will be reversed only if it was "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012). There is a presumption of reasonableness for a sentence within the advisory range, which can only be overcome by a showing that the sentence was unreasonable in light of statutory sentencing factors. *See, e.g.*, *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

Defendant presents several theories to support his position that his 60-month sentence for the 2016 bank robbery was substantively unreasonable. Characterizing his crime as an "unusually mild" bank robbery, Defendant first argues that the sentence is too high for the circumstances of the crime because he spoke softly to the teller, made no explicit threat or threatening movement, did not use a weapon, and was only in the bank less than a minute. (Appellant's Br. at 24); *see* 18 U.S.C. § 3553(a)(2)(A) (a sentence should "reflect the seriousness of the offense"). Next, he asserts that the sixty-month sentence does not serve the specific deterrence or incapacitation purposes that a court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a)(2)(B)-(C). Defendant maintains that he had been doing well on supervised release and held down a steady job until his weakened heart condition triggered a downward spiral. For this reason, he argues that the early months of his parole (pre-heart condition) should be given the most weight. Defendant further urges this court to give great weight to the district court's statement at the end of the sentencing hearing:

> "So it's my sincere hope that when you are released from imprisonment that you remove yourself from this revolving door of incarceration, release,

3

reincarceration, re-offense, reincarceration.  I feel like you have the ability
to do it.  I feel like you have the desire to do it.  And I hope you do."

(Appellant's App. Vol. III at 64.)  He argues that this statement constituted a "factual"

finding that "specific deterrence and incapacitation [are] not of real concern" in this case

because Defendant had the "ability" and "desire" not to reoffend.  (Appellant's Br. at 28.)

Lastly, Defendant argues that his declining health makes this sixty-month sentence even

more severe since he will not fare well under prison conditions.

After reviewing the district court's decision, the PSR, and the briefs, we see no

reason to question the district court's sentence.  Bank robbery is an inherently serious

crime.  As Defendant has admitted, his actions readily met the definition of a bank

robbery under 18 U.S.C. § 2113(a) as an attempt to take money from a bank "by force

and violence, or by intimidation," which carries a twenty-year maximum sentence.

Noting Defendant's "fairly unabated stretch of criminal activity" since early adulthood,

including "the 2012 bank robbery conviction [which was] followed fairly shortly after

[Defendant's] release from prison by this most recent robbery conviction," the district

court properly used its discretion to choose a guideline range sentence intended to deter

future crime.  (Appellant's App. Vol. III at 64.)  This is especially relevant where

Defendant previously received a sentence well below the advisory range for the 2012

bank robbery and went on to repeat the crime less than four years later while still on

supervised release.  Defendant's emphasis on the district court's statement at the

sentencing hearing, cited above, is similarly unavailing.  The district court's expression

of encouragement to Defendant about his future in no way undermines or contradicts the

4

court's "careful consider[ation]" of the § 3553 factors and selection of a sentence "entirely in harmony with the application of the advisory guidelines." (*Id.* at 61.) Defendant cannot ask this court to cherry-pick which of the district court's "view[s] must be respected" based on whether they advance his argument. (Appellant's Br. at 28.) For all of these reasons, we are not persuaded that the district court abused its substantial discretion when it chose to impose a sixty-month sentence in this case.

We accordingly **AFFIRM** Defendant's conviction and sentence.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge